**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>Derek Kucinski</u>

     v.                            Civil No. 16-cv-201-PB
                                      Opinion No. 2016 DNH 147

<u>United States of America</u>


<u>MEMORANDUM AND ORDER</u>

Derek Kucinksi was convicted of several offenses in 2013, including a charge of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Pursuant to the Armed Career Criminal Act ("ACCA"), a defendant convicted of a § 922(g) charge is subject to an enhanced sentence if he has at least three prior convictions for either a "violent felony" or a "serious drug offense." See 18 U.S.C. § 924(e). The term "violent felony" encompasses both felonies that have "as an element the use, attempted use, or threatened use of physical force against the person of another" (the "elements clause"), and felonies "that present[] a serious potential risk of physical injury to another" (the "residual clause"). Kucinski was sentenced as an armed career criminal, because his prior federal bank robbery convictions were treated as violent felonies under the ACCA.

In <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), the

United States Supreme Court held that the ACCA's residual clause is unconstitutionally vague.  The Court later made its holding in Johnson retroactive in Welch v. United States, 136 S. Ct. 1257 (2016).  In response, Kucinski has filed a 28 U.S.C. § 2255 motion to vacate his sentence in light of Johnson.  The government opposes his motion, arguing that Johnson does not affect Kucinski's sentence because he qualifies as an armed career criminal under the ACCA's elements clause.[1]

## I.   BACKGROUND

Derek Kucinksi pleaded guilty in January 2007 to nine counts of bank robbery in violation of 18 U.S.C. § 2113(a).  See Doc. No. 1 at 3; see also Judgment at 1, United States v. Kucinski, No. 06-cr-212-PB-1 (D.N.H. May 25, 2007), ECF No. 19. He received a sixty-three month sentence on all counts, to run concurrently, plus three years of supervised release.  See Doc. No. 1 at 3.  Kucinski was released from custody in August 2011, and began his term of supervision.  Id.

In January 2012, however, Kucinski was arrested for robbing a TD Bank branch in Newington, New Hampshire.  Id.  A grand jury

---

[1] Kucinski was also convicted on a charge of using a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c).  I address his challenge to the sentence he received on that charge in a separate Memorandum and Order.

then returned a three-count indictment, charging Kucinski with
(1) bank robbery, in violation of 18 U.S.C. § 2113(a) (Count I),
(2) using a firearm in relation to a crime of violence, in
violation of 18 U.S.C. § 924(c)(1)(A) (Count II), and (3)
possession of a firearm by a convicted felon, in violation of 18
U.S.C. § 922(g)(1) (Count III).  Id. at 3-4.  Relevant here,
Count III alleged that Kucinski "knowingly, intentionally and
unlawfully possessed a firearm, to wit, a Smith & Wesson, .32
caliber revolver, model number 431PD, serial number CJD8560, in
or affecting commerce, after having previously been convicted"
of the bank robberies described above.  Id. at 4.  Thereafter,
the Government notified Kucinski that he would be subject to
increased punishment as an "armed career criminal," if convicted
of Count III, due to his 2007 bank robbery convictions.  Id.

Kucinski pleaded guilty to the three charges against him,
and was sentenced in December 2013.  Id. at 5.  The court
accepted the parties binding stipulation that "the defendant
will be sentenced to a minimum mandatory term of imprisonment of
twenty-two (22) years."  Id.  Pursuant to that stipulation,
Kucinski received a 180-month sentence on the § 922(g) charge,
Count III -- the mandatory minimum sentence given Kucinski's
status as an "armed career criminal," but a longer term of
imprisonment than he lawfully could have received had he not

3

been deemed an armed career criminal.  He also received a 180 month sentence on Count I, to run concurrently to his sentence on Count III, and an 84-month sentence on Count II, to be served consecutively to the sentence on Counts I and III.[2]

## II.  <u>ANALYSIS</u>

### A.  <u>Legal Framework</u>

18 U.S.C. § 922(g) prohibits a "felon" from possessing a firearm.  Welch, 136 S. Ct. at 1261.  "That unadorned offense carries a maximum penalty of 10 years in prison." Descamps v. United States, 133 S. Ct. 2276, 2282 (2013).  Pursuant to the Armed Career Criminal Act ("ACCA"), however, a person who possesses a firearm after three or more convictions for a "serious drug offense," or a "violent felony," is subject to an enhanced sentence, including a fifteen year mandatory minimum. 18 U.S.C. § 924(e)(1); Welch, 136 S. Ct. at 1261.

The ACCA defines "violent felony" as:

[A]ny crime punishable by imprisonment for a term exceeding one year . . . that — "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

[2] The seven-year mandatory minimum sentence on Count II was imposed to run consecutively to the other sentences, pursuant to 18 U.S.C. § 924(c)(1)(A)(ii) and U.S.S.G. § 5G1.2(a).

18 U.S.C. § 924(e)(2)(B).  Subsection (i) of § 924(e)(2)(B) is known as the "elements clause."  Welch, 136 S. Ct. at 1261.  The end of subsection (ii) -- "or otherwise involves conduct that presents a serious potential risk of physical injury to another" -- is the "residual clause."  Id.

    In Johnson, the Supreme Court held that the ACCA's residual clause is unconstitutionally vague and therefore invalid.  Id.; Johnson, 135 S. Ct. at 2563.  In April 2016, the Court in Welch held that Johnson announced a new substantive rule that applies retroactively to cases on collateral review.  Welch, 136 S. Ct. at 1265.

    In light of Johnson and Welch, Kucinski's enhanced sentence on his 18 U.S.C. § 922(g) conviction can only stand if his federal bank robbery convictions qualify as "violent felon[ies]" under the ACCA's elements clause.  To determine whether federal bank robbery constitutes a violent felony under the elements clause, I apply the so-called "categorical approach."  The categorical approach generally requires courts to consider only "the statutory definitions - i.e., the elements - of a defendant's [offense] and not to the particular facts underlying [the offense]" in deciding whether that offense qualifies as a violent felony.  Descamps, 133 S. Ct. at 2283 (emphasis in

original).  Thus, I may look "only to the statutory definition
of the [offense] and the fact of conviction to determine whether
the conduct criminalized by the statute, including the most
innocent conduct, qualifies as a" violent felony.  United States
v. Fish, 758 F.3d 1, 5 (1st Cir. 2014) (citing Karimi v. Holder,
715 F.3d 561, 567 (4th Cir. 2013)).  If the "most innocent
conduct" proscribed by a statute does not constitute a violent
felony, then the statute categorically fails to qualify as a
violent felony.  See id.

## B.  Application

Applying that categorical framework, Kucinksi contends that
federal bank robbery, 18 U.S.C. § 2113(a), is not a violent
felony under the ACCA.  The relevant portion of § 2113(a)
includes three requirements: "(1) the defendant took, or
attempted to take, money belonging to, or in the custody, care,
or possession of, a bank, credit union, or saving and loan
association; (2) the money was taken by force and violence, or
by intimidation; [and] (3) the deposits of the institution were
federally insured . . . ."  See United States v. McNeal, 818
F.3d 141, 152 (4th Cir. 2016) (internal punctuation omitted).
The parties' arguments here focus on the second requirement --
that the money must be taken "by force and violence, or by

intimidation."[3]

Kucinski presents several arguments to support his claim that federal bank robbery is not a violent felony.  He first points out that § 2113(a) can be accomplished by "intimidation," which, he argues, does not require the use, attempted use, or threatened use of physical force.  See Doc. No. 7 at 8-10. Second, even assuming that "intimidation" requires a threat to use physical force, Kucinski contends that § 2113(a) does not require a threat to use violent force.  Id. at 10.  And third, according to Kucinski, the threatened use of force does not need to be intentional to satisfy § 2113(a).  Id. at 11-13.

Since Johnson, a number of courts have rejected these same arguments, and determined -- unanimously, it appears -- that

_____

[3] Section 2113(a) also prohibits "enter[ing]," or attempting to enter, a bank with the intent to commit a felony affecting the bank.  As the parties appear to agree, § 2113(a)'s "entering" provision does not require the use, attempted use, or threatened use of physical force.  See United States v. McBride, No. 15-3759, 2016 WL 3209496, at *3 (6th Cir. June 10, 2016) (noting that § 2113(a)'s "entering" provision "could certainly encompass many nonviolent felonies").

Kucinski argues, in passing, that he should prevail because this "entering" portion of the statute is indivisible from the "taking" portion, quoted above.  See Doc. No. 7 at 8; see also Descamps, 133 S. Ct. at 2281-82.  This argument is unpersuasive. It is clear that the "entering" portion of § 2113(a) sets forth a distinct set of elements, and is divisible under Descamps. Kucinski cites no authority to support his interpretation, and the charging documents here show that Kucinski was convicted of the "taking" provision of § 2113(a).

federal bank robbery constitutes a violent felony under the ACCA.  Courts have likewise concluded that § 2113(a) qualifies as a violent felony and a "crime of violence" under other similar provisions of federal law.  See, e.g., United States v. McBride, 2016 WL 3209496, at *2; United States v. Jenkins, No. 15-14809, 2016 WL 3101281, at *4 (11th Cir. June 3, 2016); McNeal, 818 F.3d at 157.  Here, I address each of Kucinski's arguments, and ultimately reach the same conclusion.

### 1.   Intimidation and Threatened Use of Force

Kucinski appears to agree that bank robbery by "force and violence" satisfies the ACCA's elements clause.  See Doc. No. 7 at 16; see also McBride, 2016 WL 3209496, at *2 ("Bank robbery by 'force and violence' plainly involves 'the use, attempted use, or threatened use of physical force.'").  He asserts, however, that federal bank robbery is not a violent felony because one can violate § 2113(a) by "intimidation," which, he claims, does not require the use, attempted use, or threatened use of physical force.

Several courts of appeal have rejected this argument post-Johnson, and instead concluded that "intimidation" under § 2113(a) is synonymous with the threatened use of physical force.  See McBride, 2016 WL 3209496, at *2; Jenkins, 2016 WL 3101281, at *4; McNeal, 818 F.3d at 152-53.  The reasoning these courts

8

employ is straightforward.  For example, in assessing 18 U.S.C. 924(c)'s similarly-worded elements clause, the Fourth Circuit in McNeal explained that "[a] taking 'by force and violence' entails the use of physical force," while "a taking 'by intimidation' involves the threat to use such force." 818 F.3d at 153.  Thus, "[b]ank robbery under § 2113(a)[] 'by intimidation' requires the threatened use of physical force," and is therefore a violent felony under the ACCA.  See id.

Kucinski attempts to distinguish these cases by arguing that the First Circuit defines "intimidation" more broadly than other courts.  See Doc. No. 7 at 8-9.  According to the First Circuit, "[i]ntimidation is conduct reasonably calculated to produce fear." United States v. Henson, 945 F.2d 430, 439 (1st Cir. 1991) (internal punctuation omitted); see United States v. Burns, 160 F.3d 82, 85 (1st Cir. 1998) ("[R]obbery contemplates simply that the defendant have subjected his victim to minimal levels of fear or 'intimidation.'").  Courts evaluate "intimidation" under an objective standard: "whether a reasonable person in the same circumstances would have felt coerced by a threat of bodily harm." Burns, 160 F.3d at 85.

This definition, Kucinski claims, does not require a threat to use physical force.  See Doc. No. 7 at 9.  To support this argument, Kucinski cites Henson, 945 F.2d at 439-40, where the

First Circuit concluded that giving a bank teller a "demand note" may constitute intimidation.  See Doc. No. 7 at 9-10. According to Kucinski, although "a demand note can be the basis for an intimidation robbery conviction, a note demanding money and saying nothing more cannot be weighed the same as a threat of violent force under" the ACCA.  Id. at 10.

I disagree.  Henson merely stands for the proposition that § 2113(a) does not require "an explicit threat of force . . . to establish intimidation."  945 F.2d at 440 (emphasis added).  A demand note can therefore constitute intimidation, because the note is an implied threat to use force if the teller refuses the robber's demand.  Cf. United States v. Gordon, 642 F.3d 596, 598 (7th Cir. 2011) ("[A] demand note alone may contain an implicit threat that rises to the level of intimidation."); United States v. Ketchum, 550 F.3d 363, 367-68 (4th Cir. 2008); United States v. Gilmore, 282 F.3d 398, 402 (6th Cir. 2002) ("Demands for money amount to intimidation because they carry with them an implicit threat: if the money is not produced, harm to the teller or other bank employee may result."); United States v. Clark, 227 F.3d 771, 775-76 (7th Cir. 2000) (finding that demand note constituted intimidation where it was "reasonable for [the teller] to suspect and fear that [the defendant] might use physical force to compel satisfaction of his demand for money").

10

Indeed, that threat of physical force is what makes the demand effective -- the teller gives the robber money "because she reasonably fear[s] that the robber would use force if [she] did not satisfy his demands." Gordon, 642 F.3d at 599.

The same is true of the ACCA.  Cf. McBride, 2016 WL 3209496, at *2 ("Although [defendant] is correct that intimidation can be communicated by 'words, demands, and gestures,' so too with the threat of physical force . . . ."). Nothing in the ACCA's text requires an explicit threat of physical force, and Kucinski conceded at oral argument that a statute proscribing an implied threat of physical force could satisfy the ACCA.  Thus, because § 2113(a)'s intimidation provision requires proof of either an express or implied threat of physical force, Kucinski's first argument fails.

### 2.   Intimidation and Violent Force

Kucinski next contends that federal bank robbery is not a violent felony because the statute does not require a threat to use violent force.  See Doc. No. 7 at 10.  Under the ACCA, "physical force" means "violent force" -- "that is, force capable of causing physical pain or injury to another person." Whyte v. Lynch, 807 F.3d 463, 471 (1st Cir. 2015) (emphasis in original) (quoting Johnson, 559 U.S. at 140).  A statute that proscribes de minimis touching therefore does not qualify as a

11

"violent felony" under the ACCA.  See United States v. Fields, 823 F.3d 20, 34 (1st Cir. 2016).

Kucinski claims that § 2113(a) does not require a threat to use violent force because a defendant could intimidate a bank teller through "guile, deception, or even deliberate omission." See Doc. No. 7 at 10.  For example, Kucinski argues, "[a] note threatening a teller with release of a poisonous gas if demands are not met, or a note threatening to deprive a hostage of medication necessary to live, could both meet the statutory definition of 'intimidation' as well."  Id.  But, according to Kucinski, such a threat would not be a threat of violent force. Id.

This argument is also unpersuasive.  As the First Circuit has explained, "intimidation" under § 2113(a) occurs where "a reasonable person in the same circumstances would have felt coerced by a threat of bodily harm."  Burns, 160 F.3d at 85 (emphasis added).  The statute thus requires defendants to threaten violent force -- force capable of causing physical pain or injury -- rather than mere touching.  Other courts have reached this same conclusion.  See, e.g., Jenkins, 2016 WL 3101281, at *4 (determining that the "threat of bodily harm" under § 2113(a) "is sufficient to qualify as the threatened use of 'physical force'" for bank robbery to be a "crime of

12

violence" under U.S.S.G. § 4B1.2(a)); McNeal, 818 F.3d at 154.

Moreover, the Supreme Court's reasoning in United States v. Castleman, 134 S. Ct. 1405 (2014) rebuts Kucinski's claim that a threat to employ poison does not constitute a threat to use violent force.  In Castleman, the defendant argued that using poison was not a "use" of physical force under 18 U.S.C. § 921(a)(33)(A). 134 S. Ct. at 1409, 1414-15.  The Court rejected the defendant's argument, explaining that "[t]he use of force . . . is not the act of sprinkling the poison; it is the act of employing poison knowingly as a device to cause physical harm. That the harm occurs indirectly, rather than directly (as with a kick or punch), does not matter."  Id. at 1415 (alterations omitted).  A contrary conclusion, the Court reasoned, would permit defendants to argue "that pulling the trigger on a gun is not a 'use of force' because it is the bullet, not the trigger, that actually strikes the victim."  Id.

This logic extends to the ACCA.  True, Castleman dealt with a different statutory provision than the section of the ACCA at issue here, and Castleman was careful to distinguish the meaning of "physical force" in the context of defining a "misdemeanor crime of domestic violence," from the meaning of "physical force" under the ACCA.  See id. at 1409-13; United States v. Williams, 2016 WL 1555696, at *8 n.13 (D. Me. Apr. 15, 2016).

13

But, the relevant portion of <u>Castleman</u> concerns what it means to "use" force, and the differences between § 921(a)(33)(A) and the ACCA in that respect are not material on this issue.  <u>See</u> <u>Williams</u>, 2016 WL 1555696, at *8 n.13 (concluding that <u>Castleman</u> extended to the similarly-worded use of force clause in § 924(c)(3)(A)); <u>United States v. Bell</u>, 2016 WL 344749, at *8 (N.D. Cal. Jan. 28, 2016) (same) (collecting cases).  Therefore, contrary to Kucinski's argument, a threat to use indirect force during a bank robbery, like a threat to use poison, qualifies as a threat to use violent force under the ACCA.

### 3.   Intimidation and Intentional Threat of Force

Kucinski finally argues that federal bank robbery does not require a sufficient mens rea to qualify as a violent felony. <u>See</u> Doc. No. 7 at 11-12.  In Kucinski's view, one can commit bank robbery by recklessly engaging in intimidation, and, according to Kucinski, the ACCA excludes convictions for recklessness offenses.  <u>See</u> <u>id.</u>  Because § 2113(a) requires more than recklessness, however, I -- like the other courts that have addressed this argument -- find Kucinski's claim unpersuasive.

The major premise underlying Kucinski's argument is that recklessness offenses cannot qualify as violent felonies under the ACCA.  As the Government points out, the Supreme Court's recent decision in <u>Voisine v. United States</u>, 136 S. Ct. 2272

(2016), arguably undermines this claim.  Nonetheless, for the

purpose of analysis, I assume that Kucinski's premise is

correct.[4]

Kucinski's minor premise is that § 2113(a) requires only a

mens rea of recklessness.  To support his argument, Kucinski

---

[4] In Leocal v. Ashcroft, the Supreme Court held that the "use . .
. of force" provision in 18 U.S.C. § 16 excludes "negligent or
merely accidental conduct."  543 U.S. 1, 9 (2004).  Following
Leocal, the First Circuit concluded that § 16 also does not
reach recklessness offenses.  See Fish, 758 F.3d at 16
("[R]eckless conduct bereft of an intent to employ force against
another falls short of the mens rea required under section
16(b).").  The First Circuit has since suggested that offenses
with a mens rea of recklessness do not satisfy the ACCA's
elements clause either.  See United States v. Hudson, 823 F.3d
11, 15-18 (1st Cir. 2016) (concluding that Massachusetts ADW
conviction does qualify as a "violent felony" under the ACCA
where "[t]he cases also make clear that a mens rea of
recklessness is not enough to support an ADW conviction").
The Supreme Court's recent decision in Voisine raises some
questions about this reading of Leocal.  In interpreting the
"use . . . of force" clause in § 921(a)(33)(A), which defines
"misdemeanor crime of domestic violence," the Voisine Court
explained that the statute "contains no exclusion for
convictions based on reckless behavior."  Voisine, 136 S. Ct. at
2280.  Thus, according to the Court, there is no "dividing line
between reckless and knowing conduct" in § 921(a)(33)(A), and
"[a] person who assaults another recklessly 'use[s]' force, no
less than one who carries out that same action knowingly or
intentionally."  Id. at 2279-80.  Therefore, after Voisine, it
is unclear whether the First Circuit's decisions addressing this
issue remain good law.  See Bennett v. United States, No. 1:16-
CV-251-GZS, 2016 WL 3676145, at *3 (D. Me. July 6, 2016) ("[I]t
is far from clear that Voisine's inclusion of recklessness
within the misdemeanor convictions covered by 18 U.S.C. §§
922(g)(9) & 921(a)(33)(a) portends a similar interpretation of
ACCA's force clause.").

points to opinions in which courts held that § 2113(a) does not require specific intent to intimidate.  See, e.g., United States v. Pickar, 616 F.3d 821, 825 (8th Cir. 2010) ("[W]hether the bank robber intended to intimidate the bank teller is irrelevant."); United States v. Kelley, 412 F.3d 1240, 1244 (11th Cir. 2005) ("[A] defendant can be convicted under section 2113(a) even if he did not intend for an act to be intimidating."); United States v. Yockel, 320 F.3d 818, 824 (8th Cir. 2003).  Although it is unclear whether the First Circuit follows this same rule,[5] I again assume, for the sake of analysis only, that § 2113(a) does not demand a specific intent to intimidate.

Kucinski's argument falls apart, however, because he misapprehends § 2113(a)'s mens rea requirement.  The Supreme

---

[5] The First Circuit apparently has not addressed the issue directly, but has said that "intimidation" is conduct "reasonably calculated to produce fear," Henson, 945 F.2d at 439 (emphasis added), and the First Circuit's pattern jury instructions for § 2113(a) define "intimidation" as "actions or words used for the purpose of making someone else fear bodily harm if he or she resists," Pattern Criminal Jury Instructions for the District Courts of the First Circuit § 4.18.2113(a) (emphasis added).  Cf. United States v. Urciuoli, 513 F.3d 290, 300 n.7 (1st Cir. 2008) (cautioning that "[t]he pattern instructions, although often helpful, were not prepared or mandated by this court").  This language implies that, at least in the First Circuit, the defendant must intend his actions to be intimidating to satisfy § 2113(a).

Court stated in Carter v. United States, 530 U.S. 255 (2000),
that § 2113(a) is a general intent crime, which requires proof
"that the defendant possessed knowledge with respect to the
actus reus of the crime (here, the taking of property of another
by force and violence or intimidation)." 530 U.S. at 268.  The
prosecution must therefore show that the defendant knew of "the
facts that ma[de] his conduct fit the definition of the offense"
to secure a § 2113(a) conviction. United States v. Elonis, 135
S. Ct. 2001, 2009 (2015).  Or, in other words, to commit federal
bank robbery, the defendant must knowingly engage in conduct
that he knows would be intimidating to a reasonable person.  See
McNeal, 818 F.3d at 155-56; United States v. Pena, No. 15-CR-551
(AJN), 2016 WL 690746, at *11 (S.D.N.Y. Feb. 11, 2016).

Thus, even assuming that § 2113(a) does not require
specific intent to intimidate, the statute demands more than
accidental, negligent, or reckless conduct.  For that reason,
courts apparently agree that § 2113(a)'s mens rea requirement is
sufficient to qualify as a violent felony.  See, e.g., McNeal,
818 F.3d at 155-56 ("Bank robbery under § 2113(a) therefore
satisfies the criterion . . . that, to qualify as a crime of
violence, an offense must require either specific intent or
knowledge with respect to the use, threatened use, or attempted
use of physical force."); United States v. Inoshita, No. 15-

17

00159 JMS, 2016 WL 2977237, at *6 (D. Haw. May 20, 2016)

(concluding that "[s]imply put, negligent or reckless conduct

isn't enough" to satisfy § 2113(a)); Pena, 2016 WL 690746, at

*11; United States v. Mitchell, No. 15-CR-47, 2015 WL 7283132,

at *3 (E.D. Wis. Nov. 17, 2015) ("Section 2113(a) may be a

general intent statute, . . . but taking money by force,

violence, or intimidation involves a higher degree of

culpability than accidental, negligent, or reckless conduct . .

. .").  I reach the same conclusion here.[6]

---

[6] Neither United States v. Fish, 758 F.3d 1 (1st Cir. 2014) nor
United States v. Hudson, 823 F.3d 11 (1st Cir. 2016) compels a
different conclusion.  In Fish, the First Circuit concluded that
a Massachusetts conviction for assault and battery with a
dangerous weapon ("ABDW") did not qualify as a crime of violence
as defined in 18 U.S.C. § 16(b).  758 F.3d at 17.  More
specifically, the Fish court determined that, because
Massachusetts ABDW can be committed with "the intentional
commission of a reckless act," it "falls short of the mens rea
required" for § 16(b).  Id. at 16.  Fish thus implies that
recklessness offenses may not qualify as violent felonies under
the ACCA.  Yet, as explained above, § 2113(a) requires more than
recklessness.
    In Hudson, meanwhile, the First Circuit held that a
Massachusetts assault with a dangerous weapon ("ADW") conviction
qualifies as a violent felony under the ACCA.  823 F.3d at 15-
18.  Relevant here, the Hudson court concluded that
Massachusetts ADW "includes a mens rea requirement sufficient to
qualify the conviction as a predicate under the ACCA's force
clause," where Massachusetts courts had interpreted ADW to
require "proof of specific intent."  Id. at 17 ("The cases also
make clear that a mens rea of recklessness is not enough to
support an ADW conviction.").  The Hudson court did not,
however, hold that the ACCA requires proof of specific intent --
it merely concluded that a statute that requires specific intent
satisfies the ACCA.

Thus, having rejected each of petitioner's arguments, I conclude that federal bank robbery is a "violent felony" under the Armed Career Criminal Act after <u>Johnson</u>.  I further conclude that petitioner was properly designated and sentenced as an armed career criminal, because of his prior § 2113(a) convictions.

### III.   <u>CONCLUSION</u>

To the extent that Kucinski claims in his 28 U.S.C. § 2255 motion (Doc. No. 1) that he was wrongfully sentenced as an armed career criminal, his motion is denied.  I will address the other issues raised in Kucinski's § 2255 motion in a separate Memorandum and Order.

SO ORDERED.


<u>/s/ Paul Barbadoro</u>
Paul Barbadoro
United States District Judge


August 23, 2016

Cc:  Jeffrey S. Levin, Esq.
     Seth R. Aframe, Esq.