**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>Derek Kucinski</u>

    v.                                  Civil No. 16-cv-201-PB

<u>United States of America</u>


<u>Anthony M. Shea</u>

    v.                                  Civil No. 16-cv-235-PB

<u>United States of America</u>


<u>Anthony Sawyer</u>

    v.                                  Civil No. 16-cv-250-PB

<u>United States of America</u>


<u>James C. Karahalios, Jr.</u>

    v.                                  Civil No. 16-cv-254-PB

<u>United States of America</u>


<u>Gerard Boulanger</u>

    v.                                  Civil No. 16-cv-266-PB

<u>United States of America</u>


<u>Arthur Durham</u>

    v.                                  Civil No. 16-cv-274-PB

<u>United States of America</u>

**Matthew Karahalios**

v.                              Civil No. 16-cv-286-PB

**United States of America**

Opinion No. 2016 DNH 163


**MEMORANDUM AND ORDER**

Derek Kucinski and six other prisoners have filed 28 U.S.C. § 2255 motions challenging their convictions under 18 U.S.C. § 924(c) for using a firearm during and in relation to a "crime of violence."[1]  A "crime of violence," as used in § 924(c), is a felony offense that either "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (the "force clause"), or "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the "residual clause").  18 U.S.C. §

---

[1] Two other prisoners, Patrick Chasse, 15-cv-473-PB, and Sean King, 16-cv-283-PB, have also filed § 2255 motions challenging their convictions under § 924(c).  I address Chasse's motion in a separate order because it is not barred by the statute of limitations.  King has filed a second or successive motion with the First Circuit which has not yet been granted.  I therefore do not address King's motion.

924(c)(3).  The prisoners challenge their convictions by claiming that § 924(c)'s residual clause is unconstitutionally vague.

In this Memorandum and Order I address the government's contention that the prisoners' § 924(c) claims are barred by the statute of limitations that governs § 2255 motions.

## I.   BACKGROUND

Section 2255 motions are subject to a one-year statute of limitations.  28 U.S.C. § 2255(f).  In most cases, the limitations period begins to run for § 2255 motions when a prisoner's conviction becomes final.  § 2255(f)(1).  If, however, a prisoner bases his motion on a new right that was announced by the Supreme Court after his conviction became final, the limitations period begins when "the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  § 2255(f)(3).

The prisoners argue that their § 924(c) claims are timely under § 2255(f)(3) because their claims are based on a new right that the Supreme Court initially recognized in Johnson v. United States, 135 S.Ct. 2551, 2563 (2015), less than a year before

3

they filed their § 2255 motions.  <u>Johnson</u> held that a similar
residual clause used in defining a "violent felony" for purposes
of the Armed Career Criminal Act ("ACCA"), 18 U.S.C.
§924(e)(2)(B)(ii), is unconstitutionally vague.  <u>Id.</u>  The Court
later determined in <u>Welch v. United States</u>, 136 S.Ct. 1257, 1268
(2016), that <u>Johnson</u> announced a new rule that applies
retroactively to cases on collateral review.  The prisoners
argue that the reasoning that led the Court to invalidate the
ACCA's residual clause in <u>Johnson</u> requires the same result when
applied to their § 924(c) claims.  <u>See</u> Doc. No. 14 at 10-14.[2]
Thus, they contend that their § 2255 motions are timely under §
2255(f)(3) because they filed their motions within a year of the
date that the Court announced the right initially recognized in
<u>Johnson</u>.

    In response, the government asserts that the new right
announced in <u>Johnson</u> does not extend to § 924(c)'s residual
clause.  <u>See</u> Doc. No. 9 at 5 (arguing that "the Supreme Court's
holding in <u>Johnson</u> does not address whether the residual clause
of § 924(c) is void for vagueness"). Instead, the government
argues that the right asserted by the prisoners falls outside

---

[2] Unless otherwise specified, docket citations refer to Case No.
16-cv-201-PB, that of petitioner Derek Kucinski.  The parties
have filed identical briefs in all the cases listed in the
caption.

the scope of the new right announced in Johnson and, therefore, applying that right to a § 924(c) claim would itself require the recognition of a new right.

## II.  **ANALYSIS**

Neither the Supreme Court nor the First Circuit has explained how a court should determine when the Supreme Court has recognized a new right for purposes of § 2255(f)(3).  I fill that gap by applying the analytical framework the Supreme Court uses to determine whether a judicial decision announces a new rule that can be applied retroactively to cases on collateral review.

The Supreme Court announced its current scheme for resolving retroactivity questions in a plurality opinion in Teague v. Lane, 489 U.S. 288 (1989).  Teague's reasoning was later adopted by a majority of the Court and the Court refined its reasoning in several subsequent decisions.  See, e.g., Sawyer v. Smith, 497 U.S. 227, 234 (1990); Lambrix v. Singletary, 520 U.S. 518, 527–28 (1997); Chaidez v. United States, 133 S.Ct. 1103, 1107 (2013).  Under Teague, a case announces a new rule for retroactivity purposes if "the result was not dictated by precedent existing at the time the defendant's conviction became final."  Chaidez, 133 S.Ct. at

1107 (emphasis in original).  And, as later cases explain, a "holding is not so dictated . . . unless it would have been apparent to all reasonable jurists."  Id. (quoting Lambrix, 520 U.S. at 527-28) (internal quotations omitted).

Other courts have concluded, and I agree, that Teague's analytic framework also applies in determining whether a new right has been recognized for purposes of § 2255(f)(3).  See Headbird v. United States, 813 F.3d 1092, 1095 (8th Cir. Feb. 19, 2016); United States v. Taylor, No. 1:06-CR-430, 2016 WL 4718948, at *2-*9 (E.D. Va. Sept. 8, 2016); Smith v. United States, 13-cv-924-J-34PDB, 2016 WL 3194980, at *4 (M.D. Fl. June 9, 2016).  Congress enacted § 2255(f)(3) in 1996, several years after Teague, as part of the Antiterrorism and Effective Death Penalty Act ("AEDPA").  See Taylor, 2016 WL 4718948, at *4. Thus, "[t]here can be no doubt that Congress was aware of the Teague framework when it enacted the AEDPA."  Id.  Indeed, several of AEDPA's provisions include language that directly tracks Teague.  Id. at *4, n.10 (citing 28 U.S.C. § 2255(h)(2) and 28 U.S.C. § 2254(e)(2)(A)(i)).  In particular, § 2255(f)(3) itself references the Teague framework by specifying that the recognition of a new right by the Supreme Court will not restart the statute of limitations unless the right has also been made "retroactively applicable to cases on collateral review."  See

id.  Thus, the text of both AEDPA as a whole, and § 2255(f)(3) in particular, strongly suggest that Congress intended courts to use Teague to determine whether the Supreme Court has recognized a new right for statute of limitations purposes.[3]

One might nevertheless argue that the Teague framework should not apply to the statute of limitations inquiry because Teague is used to determine whether a new "rule" has been recognized for retroactivity purposes, whereas § 2255(f)(3) and other sections of AEDPA refer to the announcement of a new "right" for statute of limitations purposes.[4]  Compare 28 U.S.C. § 2255(f)(3), with Teague, 489 U.S. at 301, and 28 U.S.C. §§ 2254(e)(2)(A)(i), 2255(h)(2).  I decline to follow this path.

_____

[3] Although the parties do not offer any detailed analysis of this issue, the government agrees that Teague should be used to determine when a new right has been recognized pursuant to § 2255(f)(3).  See Doc. No. 9 at 9.  Indeed, Teague and its progeny provide the only existing analytic framework for deciding such issues.  Cf. Headbird, 813 F.3d at 1095 (explaining that "it seems unlikely that Congress meant to trigger the development of a new body of law that distinguishes rights that are 'newly recognized' from rights that are recognized in [a] 'new rule' under established retroactivity jurisprudence").

[4] Neither side argues that the terms "right" and "rule" should be construed differently in this context.  In fact, the parties used the terms interchangeably both in their briefs and at oral argument.  See, e.g., Doc. Nos. 9 at 9 and 14 at 10.  I nevertheless address the subject because it has been considered by other courts.  See, e.g., Taylor, 2016 WL 4718948, at *3-*9.

If Congress had intended something other than the Teague framework to be used to determine when a new right has been recognized for statute of limitations purposes, a § 2255 claimant would be unable to benefit from § 2255(f)(3) when the Supreme Court announces a retroactive new rule unless the Court also determines that the new rule is based on a new right. Absent this additional determination, § 2255(f)(3) would be unavailable to collateral review claimants, and only claimants whose petitions are timely under § 2255(f)(1) could benefit from the new rule.

Welch can be used to illustrate the problem that results if a "right" is treated differently from "rule" in this context. See Taylor, 2016 WL 4718948 at *6-*7 (using their example).  If we were to assume that Johnson announced a new rule for collateral review purposes but not a new right for statute of limitations purposes, the petitioner in Welch could not benefit from the Court's determination in his case that the new right announced in Johnson also applies on collateral review.  This is because the petitioner could not rely on § 2255(f)(3), as the Supreme Court did not base its new rule on a new right, and the petitioner could not rely on § 2255(f)(1) because he waited more than a year after his conviction became final to file his petition.  Id. (noting that the petitioner in Welch waited more

than a year after his conviction became final to file his § 2255 motion).

I cannot explain why Congress might have intended that a "rule" for retroactivity purposes should be treated differently from a "right" for statute of limitations purposes. New rules apply retroactively on collateral review only if they are either "substantive" rules or "watershed rules of civil procedure." Welch, 136 S.Ct. at 1264. Substantive rules include rules that "narrow the scope of a criminal statute by interpreting its terms" or that "place particular conduct or persons covered by the statute beyond the State's power to punish." Schriro v. Summerlin, 542 U.S. 348, 351-52 (2004). Watershed rules of criminal procedure "implicat[e] the fundamental fairness and accuracy of the criminal proceeding." Welch, 136 S.Ct. at 1264 (quoting Saffle v. Parks, 494 U.S. 484, 495 (1990). When such rules are made retroactive to cases on collateral review, no good reason justifies the use of a statute of limitations to bar a collateral review claimant from obtaining relief on the basis of the new rule if the claimant has asserted his claim promptly after the new rule is announced. Accordingly, stronger textual support than the use of the term "right" rather than "rule" in § 2255(f)(3) is required to justify an interpretation of

§ 2255(f)(3) that would require such a result.[5]

Because both sides agree that Johnson announced a new
retroactive rule, the question here is whether that new rule
also encompasses the prisoners' contention that § 924(c)'s
residual clause is unconstitutionally vague.  Applying the
Teague framework, I answer that question by asking whether all
reasonable jurists would agree that the Court's reasoning in
Johnson also dictates the conclusion that § 924(c)'s residual
clause is unconstitutionally vague.  Absent such agreement, the
prisoners' claimed right must itself be treated as a new right
that must await recognition by the Supreme Court before the
statute of limitations can be restarted by § 2255(f)(3).

I am not persuaded that Johnson necessarily encompasses the
prisoners' § 924(c) claims.  Although strong arguments can be

---

[5]  Sound policy reasons also support the use of the Teague
framework to determine when a new right has been recognized for
purposes of § 2255(f)(3).  Although the prisoners here would
benefit from a ruling that Johnson's new rule also encompasses
their § 924(c) claims, other prisoners with similar claims would
be barred from obtaining § 2255 relief unless they filed their
claims within a year of either the date that their convictions
became final or the date that Johnson was decided.  Limiting the
scope of newly announced rules to applications that reasonable
jurists can agree on protects defendants who fail to act
immediately to assert a novel application of a new rule because
the statute of limitations with respect to such claims will not
begin to run until they are clearly recognized by the Supreme
Court.

made that the reasoning the Court used in Johnson to invalidate ACCA's residual clause requires the same result when applied to § 924(c), several courts, including at least three circuit courts and one district court, have concluded otherwise.  See, e.g., United States v. Hill, No. 14-3872-CR, 2016 WL 4120667, at *8-*11 (2d Cir. Aug. 3, 2016); United States v. Prickett, No. 15-3486, 2016 WL 4010515, at *1 (8th Cir. July 27, 2016) (per curium); United States v. Taylor, 814 F.3d 340, 378 (6th Cir. 2016); United States v. Moreno-Aguilar, 2016 WL 4089563, at *9 (D. Md. Aug. 2, 2016); see also United States v. Gonzalez-Longoria, No. 15-40041, 2016 WL 4169127, at *1 (5th Cir. Aug. 5, 2016) (en banc)(concluding that identical language in 18 U.S.C. § 16(b) is not unconstitutionally vague in light of Johnson).  Now is not the time to determine whether these courts are correct.  Instead, it is sufficient to resolve the statute of limitations issue to conclude, as I do, that a substantial number of capable jurists have reasonably determined after careful analysis that Johnson does not require the invalidation of § 924(c)'s residual clause.  Because reasonable jurists can and do disagree on this issue, the prisoners must await a determination by the Supreme Court before they may proceed with their § 2255 motions.

11

### III.   CONCLUSION

For the reasons set forth in this Memorandum and Order, the prisoners listed in the case caption are not currently entitled to invoke § 2255(f)(3) in support of their challenges to § 924(c)'s residual clause.  Because all of the prisoners filed their § 2255 motions more than a year after their convictions became final, their motions are currently barred by § 2255(f).

SO ORDERED.


/s/Paul Barbadoro
Paul Barbadoro
United States District Judge


September 15, 2016

cc:  Counsel of record in all cases